UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UCHE ADIM,                          :
                                    :   Civil Action No. 11-3088 (SRC)
            Petitioner,             :
                                    :
      v.                            :   **MEMORANDUM OPINION**
                                    :
ERIC HOLDER, JR., et al.,           :
                                    :
            Respondents.            :

**APPEARANCES:**

Petitioner <u>pro se</u>
Uche Adim
Essex County Correctional Facility
354 Doremus Avenue
Newark, NJ 07105

**CHESLER**, District Judge

   Petitioner Uche Adim, an alien confined, in connection with removal proceedings, at Essex County Correctional Facility in Newark, New Jersey, has filed a Petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging his prolonged detention.

   The filing fee for a petition for writ of habeas corpus is $5.00. Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing. Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas and seeks to proceed <u>in forma pauperis</u>, that petitioner must submit (a) an affidavit setting forth information which establishes that the

petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoners institutional account during the six-month period prior to the date of the certification. If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis. Local Civil Rule 81.2(c).

Petitioner did not prepay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor did Petitioner submit an application for leave to proceed in forma pauperis. Accordingly, this action will be administratively terminated and Petitioner will be granted leave to move to re-open by satisfying the filing fee requirement.

In addition, the Court notes that Petitioner has named as Respondents the U.S. Attorney General and the Acting Director for the Bureau of Immigration and Customs Enforcement. Petitioner has failed to name a proper respondent.

Among other things, 28 U.S.C. § 2242 requires the petition for a writ of habeas corpus to allege "the name of the person who has custody over [the petitioner]." See also 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."). "[T]hese

provisions contemplate a proceeding against some person who has the <u>immediate</u> <u>custody</u> of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." <u>Wales v. Whitney</u>, 114 U.S. 5674, 574 (1885) (emphasis added).

> In accord with the statutory language and <u>Wales</u>' immediate custodian rule, longstanding practice confirms that in habeas challenges to present physical confinement - "core challenges" - the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.

<u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 434-436 (2004) (citations omitted).[1]

In the context of alien detainees, the Court of Appeals for the Third Circuit has held,

> It is the warden of the prison or the facility where the detainee is held that is considered the custodian for purposes of a habeas action. This is because it is the warden that has day-to-day control over the prisoner and who can produce the actual body. That the district director has the power to release the detainees does not alter our conclusion. Otherwise, the Attorney General of the United States could be considered the custodian of every alien and prisoner in

---

[1] In <u>Padilla</u>, the Supreme Court also noted (1) the open question whether the Attorney General is a proper respondent to a habeas petition filed by an alien detained pending deportation and (2) the implicit exception to the immediate custodian rule in the military context where an American citizen is detained outside the territorial jurisdiction of any district court. 542 U.S. at 435-36, n.8, 9.

3

custody because ultimately she controls the district directors and the prisons.

Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994). See also Kholyavskiy v. Achim, 443 F.3d 946 (7th Cir. 2006) (citing Yi, and reaching same result, after Padilla).

Thus, under the circumstances of this case, the warden of the facility where Petitioner is held is an indispensable party respondent. Cf. Padilla, 542 U.S. at 441 ("when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release"); Chavez-Rivas v. Olsen, 194 F.Supp.2d 368 (D.N.J. 2002) (where an INS detainee properly files a habeas petition in the district where he is confined, and the INS subsequently transfers the petitioner to a facility outside that district, the United States Attorney General may be deemed a "custodian" to allow the original district court to retain jurisdiction).

Pursuant to 28 U.S.C. § 2241, United States district courts have power to issue writs of habeas corpus "within their respective jurisdictions." See also Zadvydas v. Davis, 533 U.S. 678, 688 (2001) ("§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention"). Thus, the court issuing the writ must be able to exercise personal jurisdiction over the

custodian of the petitioner.  See <u>Braden v. 30th Judicial Circuit Court</u>, 410 U.S. 484, 494-95, 500 (1973).

> The proviso that district courts may issue the writ only "within their respective jurisdictions" forms an important corollary to the immediate custodian rule in challenges to present physical custody under § 2241. Together they compose a simple rule that has been consistently applied in the lower courts, including in the context of military detentions: Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.

<u>Padilla</u>, 542 U.S. at 446-47 (citations and footnote omitted).

For the foregoing reasons, if Petitioner seeks to re-open this matter, he must attach to such request an amended petition naming a proper respondent.

CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate the Petition without prejudice. Petitioner will be granted leave to move to re-open within 30 days, by either prepaying the $5.00 filing fee or submitting a complete application for leave to proceed <u>in forma pauperis</u>. Any application to re-open this matter must be accompanied by an amended petition naming a proper respondent.

An appropriate Order will be entered.

/s/ Stanley R. Chesler<br>
Stanley R. Chesler<br>
United States District Judge

Dated: 6/8/2011